1 | P. Kristofer Strojnik, SBN 242728
2 | Law Offices of Peter Strojnik
  | pstrojnik@strojniklaw.com
3 | Esplanade Center III, Suite 700
  | 2415 East Camelback Road
4 | Phoenix, Arizona 85016
5 | 415.450.0100 (tel.)

6 | Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | (JURY TRIAL DEMANDED) |
| UNIWELL HOTEL INC., a California corporation dba Holiday Inn Buena Park, | |
| Defendant. | |

Plaintiff Theresa Marie Brooke alleges:

**PARTIES**

1.      Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2.      Defendant, Uniwell Hotel Inc., owns and/or operates and does business as the hotel Holiday Inn Buena Park located at 7000 Beach Boulevard in Buena Park, California. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. §

1   12181(7)(A), which offers public lodging services. On information and belief,

2   Defendant's hotel was built or renovated after March 15, 2012.

3   **JURISDICTION**

4       3.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

5   U.S.C. § 12188.

6       4.      Plaintiff's claims asserted herein arose in this judicial district and

7   Defendant does substantial business in this judicial district.

8       5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

9   in that this is the judicial district in which a substantial part of the acts and omissions

10  giving rise to the claims occurred.

11  **ALLEGATIONS**

12      6.      Plaintiff alleges that Defendant's hotel does not have an access aisle at the

13  passenger loading zone adjacent to the hotel lobby in violation of Section 503 of the

14  2010 Standards.

15      7.      Plaintiff formerly worked in the hospitality industry and her husband

16  works in the travel industry. She and her husband are avid travelers to California for

17  purposes of leisure travel and to "test" whether various hotels comply with disability

18  access laws.

19      8.      Plaintiff and her husband traveled to Los Angeles and Orange County in

20  mid March of this year for purposes of leisure and to test accessibility at local hotels in

21  anticipation of a further month-long trip to Pasadena area, Los Angeles and Orange

22  County in June of this year.

23      9.      During this trip, Plaintiff personally visited Defendant's hotel.

24  Defendant's hotel has a passenger loading zone because the pickup and dropoff area

25  directly outside of the lobby is designed and intended as a loading zone.

26      10.     While at Defendant's hotel, she discovered that Defendant's hotel has a

27  barrier to entry, which is that the passenger loading zone does not have an access aisle.

28  The requirement of an access aisle at a passenger loading zone relates to Plaintiff's

disability of not having one leg and being forced to use a wheelchair because access aisles are required so persons in a wheelchair can maneuver without threat of danger from other vehicles and without other encumbrances blocking their pathway. The lobby, therefore, is inaccessible to Plaintiff by way of the passenger loading zone because there is no access aisle.

11.    Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel, and as a result, she was deterred from entering the hotel. She will not re-visit the hotel until notice is provided of remediation. Returning would be futile, and since she will not return until remediation is provided, a repeat of the injury is not possible. She is hopeful that by the time she returns in June of this year, Defendant's hotel will have removed the barrier so that she can freely and equally enter the lobby from the passenger loading zone.

12.    An illustration of a correct access aisle is provided below:



13.    The following photograph shows what a correct access aisle (arrow pointing to it) looks like:



14. Defendant's hotel passenger loading zone does <u>not</u> have the access aisle depicted in the illustration and photograph in Paragraphs 12 and 13 above. Plaintiff has documented the violation.

15. Should Defendant provide an access aisle prior to Plaintiff's June trip, she will return to the hotel and access the hotel as other able-bodied patrons are able to do.

16. It is readily achievable to modify the hotel to provide an access aisle. Provision of an access aisle is extremely inexpensive.

17. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

<b>FIRST CAUSE OF ACTION</b>

18. Plaintiff incorporates all allegations heretofore set forth.

19. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

20. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

21. In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle as required by Section 503 of the Standards.

22. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

23. Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

24. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

    b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

    c. Payment of costs and attorney's fees;

    d. Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

27. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

28. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

29. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

30. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

    c.  Payment of costs and attorney's fees;

    d.  Damages in the amount of $4,000.00, the statutory minimum, and not more; and

    e.  Provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 22d day of March, 2021.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 22d day of March, 2021.

Theresa Marie Brooke

6